**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1216 & 23-3021
_____


UNITED STATES OF AMERICA

v.

JAMES TARIC BYRD,
                    Appellant


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:17-cr-00299-001; 2:21-cr-00227-001)
District Judge: Honorable Cathy Bissoon
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2024

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: March 5, 2025)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant James Byrd challenges his conviction on four bases, arguing that the District Court erred by revoking his right to proceed pro se, denying his counsel's motion to withdraw, removing him from the courtroom and proceeding *in absentia*, and instructing the jury. We will affirm.

## I.    DISCUSSION[1]

### A.    Right to Self-Representation

Once a defendant invokes his right to self-representation, it can be terminated when he "deliberately engages in serious and obstructionist misconduct." *United States v. Taylor*, 21 F.4th 94, 104 (3d Cir. 2021) (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Conduct that is "openly hostile" and "repeatedly disrupt[s] the proceedings" suffices to revoke a defendant's right to proceed pro se. *United States v. Mabie*, 663 F.3d 322, 329 (8th Cir. 2011).

Here, Byrd's conduct far surpasses this threshold. He repeatedly refused to participate in pretrial proceedings. He levied abusive and expletive-laden insults on the District Court. *See, e.g.*, App. 107 ("You can't order me to do shit."); *id.* at 117 ("[F]—k

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and our jurisdiction arises under 28 U.S.C. § 1291. We review a district court's revocation of a defendant's right to represent himself *de novo*, *see United States v. Noble*, 42 F.4th 346, 350 (3d Cir. 2022), and a district court's denial of a motion to withdraw, decision to proceed *in absentia*, and refusal to give a requested jury instruction for abuse of discretion, *see United States v. Bellille*, 962 F.3d 731, 738 (3d Cir. 2020); *Illinois v. Allen*, 397 U.S. 337, 347 (1970); *United States v. Titus*, 78 F.4th 595, 602 (3d Cir. 2023). But we review statements of the law in jury instructions *de novo*. *Titus*, 78 F.4th at 602

2

you and this courtroom."). And he made sexually explicit and threatening comments to the District Judge.

The right to self-representation "is not a license to abuse the dignity of the courtroom," *Faretta*, 422 U.S. at 834 n.46, and the District Court did not err by revoking Byrd's right to represent himself here.

**B.      Motion to Withdraw from Representation**

Byrd next contends that the District Court erred by denying his attorney's motions to withdraw. While an attorney must be discharged where there is "good cause" stemming from "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict" with the client, *United States v. Senke*, 986 F.3d 300, 309–10 (3d Cir. 2021) (quoting *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995)), the denial of a motion to withdraw does not violate the Sixth Amendment "unless the district court's 'good cause' determination was clearly erroneous or the district court made no inquiry into the reason for the defendant's request to substitute counsel," *Goldberg*, 67 F.3d at 1098.

Here, the District Court did not err on either occasion. Byrd contends that his attorney's initial motion was motivated by an irreconcilable conflict based on the attorney's refusal to call a witness. But decisions over which witnesses to call are entrusted to counsel's discretion. *See McCoy v. Louisiana*, 584 U.S. 414, 422, 424 (2018). And the District Court's later inquiry established that Byrd and his attorney remained in contact, and that the latter was committed to representing Byrd despite these

challenges. This dispute falls well short of the "complete breakdown of communication" that would justify substitution. *Senke*, 986 F.3d at 309.

The District Court's second denial was also proper. We have held that "good cause for the substitution" does not exist when the breakdown in the attorney-client relationship is "entirely [the defendant's] fault." *United States v. Noble*, 42 F.4th 346, 351 (3d Cir. 2022). Here, the motion was clearly prompted by Byrd's unprovoked physical assault on his attorney. And once again, the District Court probed the reasons for the motion and heard testimony from Byrd's attorney, which established that counsel was recommitted to representing Byrd.

Accordingly, the District Court did not abuse its discretion in either instance.

### C. Proceeding *In Absentia*

Byrd's challenge to the District Court's decision to proceed *in absentia* fares no better. A defendant "can lose his right to be present at trial if, after he has been warned by the judge . . . he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343 (1970); *see also* Fed. R. Crim. P. 43(c)(1)(C).

Here, the District Judge warned Byrd that "[i]f you yell out in my courtroom, I will have you removed," App. 265, and we harbor no doubt that Byrd's physical assault constituted disorderly behavior that prevented the trial from continuing. Of course, the District Court could have permitted Byrd to return once he was "willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and

4

judicial proceedings." *Allen*, 397 U.S. at 343. But even when efforts were made to facilitate his participation, Byrd repeatedly refused to attend, seemingly with the goal of manufacturing a mistrial.[2] And each day, the District Court diligently confirmed that his absence was voluntary.

In the face of this obstinance, the District Court did not err by proceeding with Byrd *in absentia*.

### D.      Jury Instructions

Finally, Byrd contends that the District Court erroneously rejected his proposed instructions in favor of the Government's, which clarified that "[t]he defendant does not have to be in federal custody to qualify as an inmate" for the purposes of 18 U.S.C. § 1791. Answering Br. 10 (No. 23-3021). But the Government's proposed instruction accurately reflected our precedent holding that the term "an inmate of a prison" properly reaches any defendant "detained in a facility in which federal prisoners are held." *United States v. Hendrickson*, 949 F.3d 95, 100–01 (3d Cir. 2020). Byrd does not dispute that federal prisoners were held at the Allegheny County Jail along with him, so the District Court did not err by giving that instruction.

## II.      CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgments.

---

[2] Byrd was permitted to return to the courtroom to testify in his own defense.